FILED
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

'09  AUG 26  11 :46

GUADALUPE BETANCOURT, Individually,    :

            Plaintiff,                 :

vs.                                    :  Case No.  09 - 1255 -JTM- KMH

WICHITA AIRPORT HOTEL ASSOCIATES,      :  Magistrate Judge
L.P., a Kansas Limited Partnership,    :

            Defendant.                 :
_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, GUADALUPE BETANCOURT, Individually, on her behalf and on behalf of all

other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sue the Defendant,

WICHITA AIRPORT HOTEL ASSOCIATES, L.P., a Kansas Limited Partnership, (sometimes

referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs

pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.    Plaintiff, Guadalupe Betancourt, is an individual residing in Arkansas City, KS, in the

      County of Cowley.

2.    Defendant's property, Hilton Wichita Airport, is located at 2098 Airport Rd., Wichita, KS

      67209, in the County of Sedgwick.

3.    Venue is properly located in the District of Kansas because venue lies in the judicial district

      of the situs of the property at issue.  The Defendant's property is located in and Defendant

      does business within this judicial district.

4.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original

      jurisdiction over actions which arise from the Defendant's violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5.   Plaintiff Guadalupe Betancourt is a Kansas resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Guadalupe Betancourt has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety.

6.   Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Hilton Wichita Airport, and is located at 2098 Airport Rd., Wichita, KS 67209.

7.   Guadalupe Betancourt has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Guadalupe Betancourt desires to visit Hilton Wichita Airport not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

2

8.     The Defendant has discriminated against the individual Plaintiff by denying her access to,
       and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or
       accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in
       violation of the ADA by failing to have accessible facilities by January 26, 1992 (or January
       26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).
       A preliminary inspection of Hilton Wichita Airport has shown that violations exist. These
       violations include, but are not limited to:

**Parking**

A.     There are disabled use spaces that do not have clear and level access aisles provided,
       violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily
       achievable.

**Entrance Access and Path of Travel**

B.     There are ramps at the facility that do not have level landings in violation of Section
       4.8.4 of the ADAAG whose resolution is readily achievable.

C.     There are ramps at the facility that contain excessive slopes or cross slopes in
       violation of Sections 4.8.2 and 4.8.6 of the ADAAG whose resolution is readily
       achievable.

D.     There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the
       ADAAG whose resolution is readily achievable.

E.     There is not a continuous path of travel connecting all essential elements of the
       facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG whose resolution is
       readily achievable.

**Access to Goods and Services**

F.     There are counters throughout the facility in excess of 36", in violation of Section
       7.2(1) of the ADAAG whose resolution is readily achievable.

3

G.      There is fixed or built in seating provided at the facility that does not comply with
        the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily
        achievable.

H.      There are vending machines for public use at the facility without the required
        disabled use elements, in violation of several Sections of the ADAAG whose
        resolution is readily achievable.

I.      There are self-service areas with dispensers whose controls cannot be operated with
        a closed fist violating are Section 4.27.4 of the ADAAG whose resolution is readily
        achievable.

**Restrooms**

J.      There are restrooms for public use at the facility without the required disabled use
        elements, in violation of several Sections of the ADAAG whose resolution is readily
        achievable.

K.      The grab-bars in the toilet room stalls do not comply with the requirements
        prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily
        achievable.

L.      There are dispensers provided for pubic use in the restroom, with controls outside the
        ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily
        achievable.

M.      The clear floor space provided in the restroom stall violates the provisions of
        Sections 4.1.7 and 4.22 of the ADAAG whose resolution is readily achievable.

N.      Some of the restrooms do not provide the required amenities for public use violating
        the provisions of the ADAAG whose resolution is readily achievable.

O.      Some of the restrooms do not provide the required latch side clearance violating the
        provisions of the ADAAG whose resolution is readily achievable.

**Guestrooms**

P.      The rooms designated for disabled use do not provide a roll-in shower for use by the
        disabled, violating Section 9 of the ADAAG.

Q.      There are rooms for public lodging at the facility without the required disabled use
        elements, in violation of several Sections of the ADAAG.

4

10.    The discriminatory violations described in paragraph 9 are not an exclusive list of the
       Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of
       public accommodation in order to photograph and measure all of the discriminatory acts
       violating the ADA and all of the barriers to access. The individual Plaintiff and all other
       individuals similarly situated, have been denied access to, and have been denied the benefits
       of services, programs and activities of the Defendant's buildings and its facilities, and have
       otherwise been discriminated against and damaged by the Defendant because of the
       Defendant's ADA violations, as set forth above. The individual Plaintiff and all others
       similarly situated will continue to suffer such discrimination, injury and damage without the
       immediate relief provided by the ADA as requested herein. In order to remedy this
       discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of
       public accommodation in order to determine all of the areas of non-compliance with the
       Americans with Disabilities Act.

11.    Defendant has discriminated against the individual Plaintiff by denying her access to full and
       equal enjoyment of the goods, services, facilities, privileges, advantages and/or
       accommodations of its place of public accommodation or commercial facility in violation
       of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant
       continues to discriminate against the Plaintiff, and all those similarly situated by failing to
       make reasonable modifications in policies, practices or procedures, when such modifications
       are necessary to afford all offered goods, services, facilities, privileges, advantages or
       accommodations to individuals with disabilities; and by failing to take such efforts that may
       be necessary to ensure that no individual with a disability is excluded, denied services,

                                              5

segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12.    Plaintiff is without adequate remedy at law and are suffering irreparable harm. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

15.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Hilton Wichita Airport to make those facilities readily accessible and useable to the Plaintiff and all other persons

6

with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the location for the trial.

Respectfully submitted,

Date: August 26, 2009

Robert J. Vincze (KS# 14101)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
(303) 204-8207
(316) 733-5409 facsimile
vinczelaw@att.net

Counsel for Plaintiff Guadalupe Betancourt

8